UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Saeid Hussein,

    Plaintiff,

vs.        Case No. 3:06-cv-497-J-32MCR

Alberto Gonzales, U.S. Attorney General, U.S. Department of Justice; Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of U.S. Citizenship and Immigration Services; Robert S. Mueller, Director of Federal Bureau of Investigation; and Louise Germain, local Jacksonville District Officer, U.S. Citizenship and Immigration Services,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss and/or for Summary Judgment (Doc. 7) filed September 8, 2006. Plaintiff, Saeid Hussein, filed a response in opposition to this motion. (Doc. 8). On September 9, 2006, the district judge entered an Order referring the Motion to Dismiss to the undersigned for a report and recommendation. (Doc. 9).

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

## I. INTRODUCTION

On June 1, 2006, Plaintiff filed a Petition for Hearing on Naturalization Application pursuant to 8 U.S.C. §1447(b). (Doc. 1). Plaintiff seeks a hearing to determine his naturalization application because Defendants failed to adjudicate his application within 120 days of his examination in violation of 8 U.S.C. §1447(b) of the Immigration and Nationality Act. In response, Defendants filed the instant Motion to Dismiss and/or for Summary Judgment arguing the Court does not have subject matter jurisdiction over the instant suit as the Citizenship and Immigration Service (the "Service") has not completed its investigation and therefore, the 120-day period referenced in 8 U.S.C. §1447(b) has not yet commenced. (Doc. 7).

## II. BACKGROUND FACTS

Taking the facts in the Petition as true, the following is a brief factual background for this case. Plaintiff, a lawful permanent resident alien, applied for naturalization to the United States and was interviewed by a Service officer on July 26, 2004. Plaintiff passed the English, U.S. history and government tests, however, was informed that a decision regarding his naturalization could not be made until the FBI completed its background check. On October 31, 2005, Plaintiff's attorney at the time[2] inquired about Plaintiff's application and was informed that the application was fine but could not be processed until the FBI background check was completed. On November 1, 2005, Plaintiff received a second notice to appear for a naturalization interview on December 12, 2005. Plaintiff's attorney again inquired whether Plaintiff would need to appear for

---

[2] Plaintiff is now proceeding pro se.

the interview given Plaintiff had already been interviewed and passed the tests administered.  Plaintiff's attorney was informed Plaintiff would not be required to appear for the December interview and that Plaintiff's application was still pending, waiting for the FBI background check.  Finally, on April 4, 2006, Plaintiff's attorney again inquired regarding the status of Plaintiff's naturalization application and was informed that it could not be finalized until the FBI completed its check.  As Plaintiff's application has remained pending for over two years from the date of his interview, Plaintiff now petitions the Court pursuant to 8 U.S.C. §1447(b) for a hearing on the matter.

### III.  ANALYSIS

8 U.S.C. §1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Defendants argue the "examination" referenced in section 1447(b) does not simply mean the interview, but includes the background investigation conducted by the FBI. As such, Defendants take the position that the 120-day period for Plaintiff's application has not yet run.  (Doc. 7).  In support of their argument, Defendants cite Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D. Va. 2005).  In Danilov, the court determined the "examination" in §1447(b) was not a single event, but rather, a "*process* the agency follows to gather information concerning the applicant." Id. at 443 (emphasis in original).  As the Service had not received the FBI's background investigation at the

time Plaintiff filed his complaint, the Danilov court determined the 120-day period had not yet expired and therefore, it did not have subject matter jurisdiction. Id. at 445. The court was persuaded by a reading of 8 U.S.C. §1446(b), which allows an employee designated to conduct an examination to take testimony, administer oaths and issue subpoenas to compel the attendance and testimony of witnesses as well as the production of relevant documents. Id. at 443. Additionally, the Danilov court pointed out that beginning in 1998, Congress added a "very important requirement [to] the examination process," by requiring that "the FBI complete a criminal background investigation of an applicant *before* the examination may be completed." Id. at 444 (emphasis in original).

As Plaintiff points out, however, the majority of courts to address this issue have rejected the reasoning and holding in Danilov, instead finding that the word "examination" in §1447(b) refers to the date of the examination interview rather than the entire examination process. See e.g. Khelifa v. Chertoff, 433 F.Supp.2d 836 (E.D. Mich. 2006); Al-Kudsi v. Gonzales, 2006 WL 752556 (D. Or. 2006); Shalan v. Chertoff, 2006 WL 42143 (D. Mass. 2006); Daami v. Gonzales, 2006 WL 1457862 (D. N.J. 2006); El-Daour v. Chertoff, 417 F.Supp.2d 679 (W.D. Pa. 2005); Essa v. U.S. Citizenship and Immigration Services, 2005 WL 3440827 (D. Minn. 2005). In reaching this decision, the courts looked at the actual language of §1447(b) providing that the 120-day period commences on "the date on which the examination is conducted." The courts noted that this language contemplates the examination occurs on a "particular, identifiable

date" and that by definition, a process could not occur on one specific date. El-Daour, 417 F.Supp.2d at 681.

Additionally, the majority of courts note that the Danilov holding also conflicts with the regulations interpreting the Immigration and Nationality Act; specifically 8 C.F.R. §335.2 "Examination of the applicant," which provides in pertinent part:

> (a) General.  Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter.  The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization.  The applicant may request the presence of an attorney or representative who has filed an appearance in accordance with part 292 of this chapter.
>
> (b) Completion of criminal background checks before examination.  The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed. . . .
>
> (c) Procedure.  Prior to the beginning of the examination, the Service officer shall make known to the applicant the official capacity in which the officer is conducting the examination.  The applicant shall be questioned, under oath or affirmation, in a setting apart from the public.  Whenever necessary, the examining officer shall correct written answers in the application for naturalization to conform to the oral statements made under oath or affirmation.  The Service officer shall maintain, for the record, brief notations of the examination for naturalization.  At a minimum, the notations shall include a record of the test administered to the applicant on English literacy and basic knowledge of the history and government of the United States.  The Service officer may have a stenographic, mechanical, electronic, or videotaped transcript made, or may prepare an affidavit covering the testimony of the applicant. . . .  The applicant

> and the Service shall have the right to present such oral or documentary evidence and to conduct such cross-examination as may be required for a full and true disclosure of the facts.
> . . .
>
> (e) Record of examination.  At the conclusion of the examination, all corrections made on the application form and all supplemental material shall be consecutively numbered and listed in the space provided on the applicant's affidavit contained in the application form. . . .

8 C.F.R. §335.2.  This regulation makes it clear that the examination is a discrete event rather than a process.  For example, the regulation provides for the applicant to appear before an officer for an "examination" which is uniform throughout the country.  8 C.F.R. §335.2(a).  The applicant may request the presence of an attorney at the examination and may present evidence.  8 C.F.R. §335.2(a) and (c).  Additionally, the examination is recorded and may be transcribed.  8 C.F.R. §335.2(c) and (e).  Finally, the regulation illustrates that the background investigation is a separate process by specifically providing that it must be completed before the examination is to be conducted.  8 C.F.R. §335.2(b).

This Court finds the reasoning of the majority of courts more compelling than the conclusion reached by the court in Danilov and holds that the 120-day decision making period begins to run when an applicant "appear[s] in person before a Service officer" pursuant to 8 C.F.R. §335.2(a).  In this case, Plaintiff's examination was conducted July 26, 2004.  Accordingly, this Court finds that the Service failed to make a determination before the end of the 120-day period after the date on which Plaintiff underwent his

-6-

examination. As such, the Court has jurisdiction over this matter and after due consideration, it is

**RECOMMENDED**:

Defendants' Motion to Dismiss and/or for Summary Judgment (Doc. 7) be **DENIED**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  5th  day of October, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Timothy J. Corrigan,
  United States District Judge,

Counsel of Record