**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SAEID HUSSEIN,

        Plaintiff,

vs.                                                                                          Case No. 3:06-cv-497-J-32MCR

ALBERTO GONZALES, etc., et al.,

        Defendant.

## ORDER

This case is before the Court on plaintiff Saeid Hussein's Petition for Hearing on Naturalization Application, under 8 U.S.C. § 1447(b). (Doc 1). Hussein's petition requests (1) adjudication of his naturalization application, and if the Court finds Hussein eligible for naturalization, to administer the oath of allegiance; or alternatively (2) remand of his application, requiring the government to immediately adjudicate Hussein's naturalization application. (Doc. 1). Hussein also seeks an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 1). The Court held two hearings on the petition on December 20, 2006 and January 25, 2007.

### I.  BACKGROUND

Hussein, a native and citizen of Lebanon, has lived in the United States as a lawful permanent residence since July 17, 1992. (Doc. 7 & 8). Hussein filed an application for naturalization with the United States Citizenship and Immigration

Services (CIS) on June 5, 2003, via form N-400 (Doc. 8).  The CIS Jacksonville sub-office interviewed Hussein on July 26, 2004.  That same day, Hussein received his Naturalization Interview Results which indicated that: (1) he passed the English language test and the U.S. history and government test, (2) CIS would send him a written decision about his application, and (3) a decision regarding his application could not be made at that time.  (Doc. 1).  Between the July 26, 2004 interview and June 1, 2006, when Hussein filed this petition, Hussein's attorney at the time[1] made two inquires and one response to CIS regarding Hussein's application status.  (Doc. 1).  CIS stated on all three occasions that Hussein's application could not be acted upon due to a pending FBI background check.  (Doc. 1).  Hussein's name was initially submitted to the FBI for a background check on June 19, 2003, one year before his interview.  (Doc. 17).

Hussein's application for naturalization has yet to be determined and thus remains in limbo.  (Doc. 7).  The only outstanding issue preventing CIS from adjudicating Hussein's application is the FBI background check, which has now been pending for over three and a half years.

## II.    JURISDICTION

8 U.S.C. § 1446(d) requires CIS to determine whether an application for naturalization should be granted or denied, with reasons therefor.  Further, 8 U.S.C.

---

[1] Hussein is currently representing himself pro se.

§ 1447(b) provides that:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the **examination** is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.[2] (emphasis added)

The government moved to dismiss and/ or for summary judgment for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or in the alternative, for remand to CIS pursuant to § 1447(b). (Doc. 7). The government primarily argues that an "examination" as contemplated in § 1447(b) cannot be "conducted" until the FBI renders a full criminal background check; thus, the 120-day period has not yet begun and this Court is without jurisdiction. (Doc. 7). The government cites Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005), for the proposition that the term "examination" in § 1447(b) does not refer to a single event, but to the entire process- - which includes the FBI background check. The Danilov court dismissed plaintiff's claim for lack of subject matter jurisdiction and explained that an applicant's interview "was merely a part of the overall examination process, as is a review of the plaintiff's FBI background investigation," and as such did not trigger the 120-day period in which

---

[2] The Immigration and Nationality Act, 8 C.F.R. § 336(b), also uses this language to prescribe a petitioner's right to request a hearing before a district court.

a determination must be made. 370 F. Supp. 2d at 444.

Although Danilov indeed supports the government's position, the vast majority of district courts have rejected Danilov and expressed a contrary view.[3] See Khelifa v. Chertoff, 433 F. Supp. 2d 836 (E.D. Va. 2006); El-Daour v. Chertoff, 417 F. Supp. 2d 679 (E.D. Mich. 2005); Essa v. U.S. Citizenship and Immigration Services, 2005 WL 3440827 (D. Minn. 2005) (unpublished); Shalan v. Chertoff, 2006 WL 42143 (D. Mass 2006) (unpublished); Al-Kudsi v. Gonzales, 2006 WL 752556 (D. Or. 2006) (unpublished); Daami v. Gonzales, 2006 WL 1457862 (D. N.J. 2006) (unpublished); Meyersiek v. U.S. Citizenship and Immigration Service, 2006 WL 1582397 (D. R.I. 2006) (unpublished); Khan v. Chertoff, 2006 WL 2009055 (D. Ariz. 2006) (unpublished). In each case, the district court held that the term "examination" referred to a specific date, the date of the applicant's interview, as triggering the 120-day period in which a determination must be made. Courts have typically rejected the Danilov holding for three reasons. First, § 1447(b)'s language that the 120-day period begins to run "after the date on which the examination is conducted," implies that there is a specific date upon which the "examination" occurs. El-Daour, 417 F. Supp. 2d at 681; Khan, 2006 WL 2009055 at 2. Second, § 1446 distinguishes between examinations and investigations, thus, the plain meaning of the substantive statute is that the examination is separate and apart from the investigation. Daami, 2006 WL

---

[3] There appears to be no appellate decisions which specifically address this issue.

1457862 at 5. Third, CIS regulations contemplate a distinction between the examination and the investigation. Khelifa, 433 F. Supp. 2d at 841.[4]

Following the majority of district courts, this Court adopts the interpretation of § 1447(b) that the "examination" occurs on the date of the applicant's interview and thus triggers the 120-day determination period. As previously noted, Hussein's examination was conducted on July 26, 2004 and he waited until June 1, 2006 to file this petition. This almost two-year period well exceeds the 120-day time limit required under § 1447(b). Thus, this Court has subject matter jurisdiction over Hussein's petition. See also U.S. v. Hovsepian, 359 F. 3d 1144, 1159-64 (9th Cir. 2004).[5]

---

[4] 8 C.F.R. § 335.2(a), (c) & (e), require the applicant to "appear in person . . . to conduct examinations," permit the applicant to request an attorney be present at the examination, mandate the applicant be under oath during the examination, and requires that the interviewing officer compile all of the evidence received or obtained in the examination process. Further, § 335.2(b) requires that the "initial examination [occur] only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of the applicant has been completed." Thus, the regulations indicate that the examination occurs on a specific date, and by requiring that the FBI background check occur before the examination shows that the background check is separate and apart from the examination. Khelifa, 433 F. Supp. 2d at 841.
   CIS, in adjudicating Hussein's application, did not follow its own procedures. Apparently tired of waiting for over a year for the FBI background check or assuming it would be forthcoming shortly, CIS interviewed Hussein on July 26, 2004, thus triggering the 120-day period. Looking at the district court cases, CIS' out of sequence protocol seems common. See e.g. El-Daour, 417 F. Supp. 2d at 683 (noting that "[h]ere as in Danilov and as likely in many other cases, the CIS simply failed to follow its own procedure.").

[5] The government also posits that the Court lacks jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 701 et seq, and the Mandamus Act, 28

**III.   REMEDY**

The issue now becomes what remedy the district court can provide when CIS has violated § 1447(b).  The statute provides that a court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. §1447(b). Thus, the statute empowers the Court to decide the application itself.  However, this Court is not aware of any court which has elected to adjudicate a petitioner's naturalization application.  District courts, ruling on similar matters, have opted to remand petitioners' applications to CIS.

The El-Daour court, remanding the petitioner's application to CIS with instructions for a prompt resolution upon receipt of the FBI's background check, noted that:
> [T]he very reason that the CIS did not process [the petitioner's] application within 120 days of his examination prevents me from deciding his application.  The FBI has not yet competed the criminal background check.  This is a vital piece of information.  A court is not equipped to conduct such an investigation.  I do not have the resources at my disposal to determine whether [the petitioner] present a risk to national security or to public safety.

417 F. Supp. 2d at 683-84.  The Essa court, remanding the petitioner's application to

---

U.S.C. § 1361.  (Doc. 7).  Because this Court has jurisdiction to entertain Hussein's petition under § 1447(b), the Court does not reach these issues.

CIS for a prompt resolution, expanded on El-Daour's reasoning, explaining that adjudicating a petitioner's naturalization application would contravene Congress' intent to have an FBI background check completed on every applicant prior to a determination. Essa, 2005 WL 3440827 at 2.[6]

The Al-Kudsi court remanded the petitioner's application to CIS and (1) instructed the FBI to complete and submit the pending name check within 90 days, (2) ordered that if the name check was not submitted within 90 days CIS should treat the failure as if it received a completed name check containing no information that would lead to a denial, and thereafter forward a certificate of naturalization to the court, and (3) explained that the court, upon receipt of the certificate of naturalization, would administer the oath of allegiance during a regularly scheduled oath ceremony or finding delay which constitutes special circumstances under 8 U.S.C. § 1448(c), would, at the request of the petitioner, administer the oath on an expedited basis. 2006 WL 752556 at 3.

While this Court recognizes that it has the authority to adjudicate the application pursuant to 8 U.S.C. § 1447(b), it chooses to remand this matter to CIS. The Court does, however, agree with Hussein that because the FBI background check has now been pending for over three and a half years, remand to CIS without instructions is

---

[6] See also Daami, 2006 WL 1457862 at 6 (remanding the petitioner's application to CIS with instructions for a prompt resolution).

not appropriate. (Doc. 17). Accordingly, it is hereby **ORDERED**:

1. Plaintiff Saeid Hussein's petition (Doc. 1) is **GRANTED** insofar as it requests that the Court remand his application to CIS with instructions for adjudication of his naturalization application. The FBI is directed to promptly complete petitioner's background check and provide the results to the CIS. The CIS is directed to act on petitioner's application as soon as possible and in any event no later than March 26, 2007. CIS will file with the Court a notice when it has complied with this Order.

2. The government's objection to Report and Recommendation (Doc. 11) is **OVERRULED**. The Report and Recommendation (Doc.10) is adopted; thus, the Government's Motion to Dismiss (Doc. 7) is **DENIED** insofar as it sought the dismissal of this action under Rule 12(b)(1) for lack of subject matter jurisdiction.

3. Hussein's Motion for Summary Judgment (Doc. 17) is **MOOT**.

4. As the prevailing party, petitioner is awarded costs in the amount of $380.72 (filing fee and service costs). No attorney's fees are awarded because petitioner is pro se.

5. The Clerk will enter an appropriate costs judgment pursuant to paragraph 4 and then close the file. However, the Court retains jurisdiction to enforce the terms of this Order.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of January, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

a.

Copies:
Saeid Hussein
counsel of record